## WUEGER et al. v. BRAUN et al.
### No. 8158.

United States Court of Appeals for the District of Columbia.

Argued Nov. 10, 1942.

Decided Dec. 14, 1942.

Mr. Leslie C. Garnett, with whom Mr. Samuel F. Beach, both of Washington, D. C., was on the brief, for appellants.

Mr. James M. Earnest, with whom Mr. W. Gwynn Gardiner, both of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, JJ.

EDGERTON, Justice.

This case relates to the distribution of the estate of William Henry Klein, who died intestate. Appellants are the personal representatives of Ernest and Wueger, persons now deceased who survived Klein and claimed to be his uncle and aunt of the half blood. Appellees are cousins of Klein.

On June 6, 1939, Klein's administrator filed a petition in the Probate Court for

plenary proceedings to determine next of kin. On June 25, 1939, Ernest, Wueger and the appellees signed an agreement, by which appellees admitted the relationship of Ernest and Wueger and all parties agreed that the administrator "distribute said estate * * * in accordance with the laws of the District of Columbia, and, that of the net estate available for distribution one-third be paid to Rosina Ernest and Charles L. Wueger, to be equally divided between them, and, as to the remaining two-thirds, of , said estate, same be paid over" to appellees. Appellees afterwards refused to execute and file in the plenary proceedings a proposed sworn answer, prepared by the administrator, which admitted the relationship of Ernest and Wueger and consented to "distribution of the estate in accordance with the Laws * * * of the District of Columbia." On July 27, 1939 and August 5, 1939, appellees filed instead, in the plenary proceedings, answers which denied the relationship of Ernest and Wueger and stated that appellees were Klein's sole heirs and next of kin and entitled to his whole estate. Thereafter, on August 23, 1939, Ernest and Wueger filed, in the plenary proceedings, an answer which stated that Ernest and Wueger were Klein's sole heirs and next of kin and entitled to his whole estate. Neither the proposed answer prepared by the administrator, nor any of the answers filed by the various parties, mentioned the agreement. The agreement came to the attention of the Probate Court in the plenary proceedings, but that court ruled that it had no jurisdiction to consider it. The court therefore postponed further action pending determination of the validity of the agreement by the District Court.

Appellees thereupon brought the present suit in the District Court against Ernest and Wueger. They ask declaratory relief to the effect that appellees should receive two-thirds of the estate in accordance with the agreement. Appellants contend that appellees, by their answers in the plenary proceedings, repudiated the agreement, and that Ernest and Wueger thereafter elected to treat it as rescinded ,and to stand on their rights as next of kin. It was stipulated that the sole question was whether the agreement was in force.

Appellees explain their refusal to file, in the plenary proceedings, the answer proposed by the administrator, by saying that they did not actually believe in the kinship of Ernest and Wueger and were therefore unwilling to swear that they did believe in it. Their counsel, Mr. Neubeck, who drew the answers which they filed in the plenary proceedings, testified: "Every one of them, so far as I know, was perfectly willing to go through the settlement on the terms proposed, but they declared they would not file an answer under oath admitting the relationship of the alleged uncle and aunt of the half blood." He testified that none of appellees ever expressed to him a desire to repudiate the agreement. They testified that they never intended, or authorized counsel, to repudiate it. Mr. Neubeck explained the fact that the answers did not mention the agreement by saying: "It is not customary, as I understand the practice here." He said: "I adopted the same course of procedure which I understand prevails when caveats are filed, where even agreements are entered into for distribution of estates as between caveators on the one hand and caveatees on the other. Nevertheless, the caveators will come in and contest the will on the usual ground of mental incapacity and undue influence and fraud, and they will go ahead and settle the case in accordance with the agreement." A few weeks after the answers in the plenary proceedings were filed, appellees' present counsel asked the administrator to file the agreement with the Register of Wills and make settlement accordingly.

The District Court held that appellees had not repudiated the agreement and that it was enforceable.

Though appellees' answers in the plenary proceedings conflict with a statement of fact in the agreement, they are reconcilable with the promissory part of the agreement. They deny the relationship of Ernest and Wueger but do not deny that the agreement was made, or that it was valid, and do not assert ,a purpose to violate it. They state that appellees are "sole heirs at law and next of kin and thus entitled" to the estate, but do not state that appellees will refuse to turn over one-third of the estate to Ernest and Wueger in accordance with the agreement.

Though appellants say that appellees repudiated the agreement, they do not suggest that the administrator sought to bring about the repudiation. On the contrary, they say that appellees should have executed the proposed answer which the ad-

ministrator prepared and submitted to them. Yet that proposed answer, like the answers which appellees filed, omitted all mention of the agreement and of the division of the estate which had been agreed upon, and asked for distribution in accordance with the laws of the District of Columbia. Even the agreement itself called upon the administrator to "distribute said estate * * * in accordance with the laws of the District of Columbia," despite the fact that it went on to provide for the entirely different division upon which the parties had agreed. All this throws light on what appellees meant by their answers. The administrator had brought a suit, in the Probate Court, for the sole purpose of determining who were Klein's next of kin. The answers in question were responsive pleadings in that suit. Appellants' counsel themselves say that the Probate Court had "no power to pass upon the validity of the agreement," "could not consider" the agreement, and "had no jurisdiction to distribute other than in accordance with the laws of the District of Columbia." The Probate Court ruled accordingly: that it had "no jurisdiction to determine questions concerning the agreement for settlement and distribution of the estate." In the absence of evidence to the contrary, it may be assumed that appellees and their counsel agreed with appellants and the Probate Court on that question of law. Belief that that court could not deal with the agreement did not require, but it fully explains, appellees' course in confining their answers in that court to the factual and legal situation apart from the agreement. The corroborative testimony regarding the intentions of appellees, to the admission of which appellants objected, was superfluous and we need not consider it. The District Court was clearly right in finding that there was no repudiation.

Affirmed.